# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| YOLANDER BULLARD, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 1:19-cv-159-TFM-MU |
| ) | |
| THE HOUSING AUTHORITY ) | |
| of the CITY OF MONROEVILLE, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the *Defendants' Motion for the Voluntary Dismissal of All Claims Brought by Plaintiff Candace Kidd and for an Evidentiary Hearing in the Event Plaintiffs' Counsel Oppose the Motion* (Doc. 33, filed September 13, 2019).[1]  In the motion, Defendants move the Court for an Order voluntarily dismissing all claims brought by Plaintiff Candice Kidd ("Kidd"), asserting, in relevant part, that she told Defendant Tammy LaBella ("LaBella") she wanted to be dropped from the lawsuit.  Defendants further state that Kidd telephoned Plaintiffs' counsel in LaBella's presence and asked to be removed from the lawsuit.

On September 16, 2019, the Court entered an Order setting the matter for hearing and providing a deadline for written response by Plaintiff Kidd.  *See* Doc. 34.  The Court ordered Kidd to be present in the hearing, as well as Defendant LaBella and Affiant Jacqulyn Rankins.

Prior to the hearing, on September 19, 2019, Plaintiffs' counsel filed two documents.  First, they filed a *Motion for Continuance* seeking to postpone the hearing after multiple failed attempts

---

[1] The Court notes that the motion pertains to only one out of twenty-nine current plaintiffs.  The Court further notes that Plaintiff's name is spelled "Candice" Kidd in the Amended Complaint. Doc. 14.

to meet with Kidd to prepare a response to the motion for dismissal and prepare Kidd for the hearing. Doc. 36. Specifically, despite setting several meeting times, Kidd never showed up and/or failed to assist counsel in responding to the Defendant's motion.

Simultaneously, Plaintiffs' counsel filed a *Motion to Withdraw as Counsel for Candice Kidd*, citing similar concerns. Doc. 37. Relevant to the current issue before the Court, Plaintiffs' counsel noted that Kidd had indicated to them she did not want to dismiss her claims. Specifically, at a meeting on July 31, 2019, Kidd informed counsel that she had gone to Defendant LaBella's office for an administrative matter and asked Defendant LaBella whether she could lose her apartment because of the lawsuit. *Id*. at 2. Kidd relayed to counsel that LaBella told her maybe. *Id*. at 2-3. Ultimately, Kidd told counsel she did not want to be dropped from the lawsuit, particularly after learning from counsel that it would be retaliatory for her to lose her apartment for exercising her rights under the Fair Housing Act. *Id*. at 3. Based on that July 31, 2019, meeting, Plaintiff's counsel could not consent to the voluntary dismissal sought by Defendants even though Kidd was uncooperative in responding to the motion. *Id*. Counsel also noted they could not guarantee Kidd would show up for the scheduled hearing. *Id*. at 4.

The Court convened the hearing on the motion on September 20, 2019. Kidd failed to appear at the hearing against this Court's Order. Nevertheless, portions of the hearing were held in her absence in order to obtain testimony from the parties who did attend as required. At the conclusion of the hearing, the Court denied as moot the motion to continue and granted Plaintiffs' counsel's motion to withdraw from representation as to Kidd. Doc. 38.

In the same order, the Court also instructed Kidd, now proceeding *pro se*, to file one of the following with the Court: (1) a notice that she intends to proceed in her claims against Defendants in this case; (2) a response to Defendants' motion to dismiss her claims; or (3) a notice that she is seeking counsel to represent her in these proceedings. *Id*. The Court's Order specifically

cautioned that failure to respond by the deadline could result in Kidd's dismissal from the case without prejudice for failure to prosecute and/or obey Court orders. *Id*. at 2. The Court provided a deadline of October 9, 2019. The Order was mailed directly to Kidd as well as provided to her by her former counsel. To date, no response or additional documents have been filed by Plaintiff Kidd.

On October 25, 2019, Defendants filed *Defendants' Renewed Motion to Dismiss All Claims Brought by Plaintiff Candace Kidd*, renewing their motion to dismiss all claims brought by Kidd under Fed. R. Civ. P. 41(a)(2) in light of Kidd's failure to respond to the Court's Order. Doc. 39. Defendants note in the renewed motion that they request dismissal without prejudice. *Id*. at 3.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion by the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (quotations omitted)). "[E]ven a non-lawyer should realize the peril to her case, when she ignores the necessity to obtain new counsel, ignores numerous notices, and fails to attend hearings and depositions." *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (stating that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

Plaintiff Kidd was sufficiently warned that she must communicate with the Court her intention with regard to her claims, and that failure to do so would result in the dismissal of her claims in this lawsuit. Therefore, the Court finds it appropriate to exercise its "inherent power" to

"dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962). Accordingly, based on the foregoing and pursuant to Fed. R. Civ. P. 41(b), Kidd is **DISMISSED WITHOUT PREJUDICE** as a Plaintiff in this case for failure to obey this Court's orders and failure to prosecute her case.

Defendants' motion for dismissal (Doc. 33) under Fed. R. Civ. P. 41(a)(2) is **DENIED**. Likewise, Defendants renewed motion for dismissal (Doc. 39) is **DENIED**. The Court finds that dismissal under Rule 41(a)(2) would it be inappropriate under the circumstances.

**DONE and ORDERED** this 28th day of October 2019.

                                         /s/ Terry F. Moorer
                                         TERRY F. MOORER
                                         UNITED STATES DISTRICT JUDGE