IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| YOLANDER BULLARD, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 19-0159-TFM-MU |
| | ) | |
| THE HOUSING AUTHORITY OF THE CITY OF MONROEVILLE, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

On November 9, 2021, Defendants Monroeville Housing Authority and Tammy Labella filed a motion for sanctions, including a request that their cases be dismissed, against Plaintiffs Ashley Miller and Larayn Lett due to their failure to appear for their properly noticed depositions in this action. (Doc. 206). Plaintiffs filed their response to the motion for sanctions on November 10, 2021. (Doc. 207). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(S). Because the Court finds different sanctions appropriate, separate rulings are being entered as to each Plaintiff. This Order applies to Plaintiff Ashley Miller. Upon consideration of all relevant filings in this case and the applicable law, as set forth below, the undersigned **RECOMMENDS** that Defendants' motion for sanctions be **GRANTED** and that Plaintiff Ashley Miller's claim against Defendants be dismissed.

The parties in this matter are currently proceeding with discovery subject to the deadlines outlined in this Court's September 22, 2021 Order, which cautioned the parties that "[a]ny recalcitrance … will be grounds for appropriate sanctions." (Doc. 176

at p. 5). Defendants properly served a Notice of Deposition (the "Notice") upon Plaintiffs' counsel for each Plaintiff. (Doc. 206, Ex. 1). The Notices sent to Plaintiffs scheduled Plaintiff Ashley Miller's deposition for October 30, 2021, at 10:00 a.m. (*Id.*). Counsel for all parties agreed to those times and dates. (*Id.*). On October 29, 2021, Plaintiffs' counsel asked to reschedule Miller's deposition. (Doc. 206). Defendants' counsel agreed and re-noticed Miller's deposition for 10:00 a.m. on November 8, 2021. (*Id.* at Ex. 2). On November 8, counsel for the parties were present on the designated date and time at the noticed location for Miller's rescheduled deposition, but Miller again failed to appear as scheduled. (*Id.* at Ex. 3). Miller never arrived for her deposition. (*Id.*). Defendants' counsel waited until 10:31 to record Miller's failure to appear, and then informed Plaintiffs' counsel that Defendants' counsel would be available until noon if Miller appeared for her deposition. Defense counsel waited until 12:30 for Miller to appear, but she never did. (*Id.*). Defendants incurred the expense for the Court reporter for Miller's failure to appear. (*Id.* at Ex. 4). Plaintiffs' counsel did not offer to reschedule Miller's deposition, and they do not know why she did not appear for her deposition. (Doc. 207).

Rule 37(d)(1)(A)(i) provides that this Court may order sanctions for a party's failure to appear at her deposition, after being served with proper notice. *See Barnett v. Baldwin County Bd. of Educ.*, 2015 WL 2365481, *2 (S.D. Ala. Apr. 9, 2015). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Rule 37(d)(3). The available sanctions include "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). This Court may dismiss an action for failure to prosecute where the plaintiff has shown a "clear pattern of delay or willful contempt" and

2

the Court finds that no lesser sanction would suffice. *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.,* 41 F.3d 1454, 1456 (11th Cir. 1995). This Court also retains the inherent power to police its docket and to enforce its orders. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op. of Fla.,* 864 F.2d 101, 102 (11th Cir. 1989) (sanctions on dilatory litigants may range from a simple reprimand to dismissal with or without prejudice). Moreover, this Court is not required to impose a lesser sanction when doing so would be ineffective to ensure the non-cooperating party's compliance. *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir. 1993).

It is undisputed that Defendants properly noticed Miller's deposition for times and dates agreed to by all parties, and it is undisputed that Miller failed to appear for her deposition twice. The Court notes that Miller's counsel does not know why she did not appear, nor do they seem to have had any contact with her. The Court further notes that there have been numerous and well-documented discovery issues in this case, which led the Court to caution the parties that any further "recalcitrance ... will be grounds for appropriate sanctions." (Doc. 176 at p. 5). Miller's refusal to appear twice at her deposition and her failure to communicate with her own counsel establish the futility of attempting to reschedule her deposition. The Court agrees with Defendants that no lesser sanction than dismissal of Miller's claims will suffice.

Because of Miller's failure to appear at her deposition and concomitant failure to prosecute this action, upon consideration of the alternatives that are available to the Court, it is **RECOMMENDED** that all claims asserted by Plaintiff Ashley Miller in this

action be **DISMISSED, without prejudice,** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962); *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **November, 2021**.

/s/ P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**