IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| YOLANDER BULLARD, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 19-0159-TFM-MU |
| | ) |
| THE HOUSING AUTHORITY OF THE | ) |
| CITY OF MONROEVILLE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On November 23, 2021, Defendants Monroeville Housing Authority and Tammy Labella filed a supplement to their motion for sanctions against Plaintiff Larayn Lett due to her failure to appear for her properly noticed depositions in this action. (Doc. 214). Defendants seek dismissal of Lett's claims. (*Id.* at p. 4). Defendants also request that, in addition to the court reporter fee already assessed against Lett, they be awarded the additional court reporter fee for the November 19 deposition and counsel's fees and expenses. (*Id.*). Lett filed her response to the motion for sanctions on November 30, 2021. (Doc. 218). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(S). Upon consideration of all relevant filings in this case and the applicable law, as set forth below, the undersigned **RECOMMENDS** that Defendants' motion for sanctions be **GRANTED** and that Plaintiff Larayn Lett's claim against Defendants be **DISMISSED**.

The parties in this matter are currently proceeding with discovery subject to the deadlines outlined in this Court's September 22, 2021 Order, which cautioned the parties that "[a]ny recalcitrance … will be grounds for appropriate sanctions." (Doc. 176 at p. 5). Defendants properly served a Notice of Deposition (the "Notice") upon

Plaintiffs' counsel. (Doc. 214-1). The Notice sent to Plaintiffs' counsel rescheduled Lett's deposition for November 19, 2021, at 10:00 a.m. (*Id.*). This date was a rescheduled date after Lett failed to appear for her first noticed date. (Doc. 206, Exh. 5). On November 19, counsel for the parties were present on the designated date and time at the noticed location for Lett's rescheduled deposition, but Lett failed to appear. (Docs. 214-2, 214-3). Because of Lett's failure to appear, Defendants incurred the expense for the court reporter (Doc. 214-4), as well as travel expenses for their counsel. According to Plaintiffs' counsel, Lett did not appear for her deposition because she did not have a ride to Mobile. (Doc. 218).

Rule 37(d)(1)(A)(i) provides that this Court may order sanctions for a party's failure to appear at her deposition, after being served with proper notice. *See Barnett v. Baldwin County Bd. of Educ.*, 2015 WL 2365481, *2 (S.D. Ala. Apr. 9, 2015). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Rule 37(d)(3). The available sanctions include "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). This Court may dismiss an action for failure to prosecute where the plaintiff has shown a "clear pattern of delay or willful contempt" and the Court finds that no lesser sanction would suffice. *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.,* 41 F.3d 1454, 1456 (11th Cir. 1995). This Court also retains the inherent power to police its docket and to enforce its orders. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op. of Fla.,* 864 F.2d 101, 102 (11th Cir. 1989) (sanctions on dilatory litigants may range from a simple reprimand to dismissal with or without prejudice). Moreover, this Court is not required to impose a lesser sanction when doing so would be ineffective to ensure the non-cooperating party's compliance*. See Malautea v. Suzuki Motor Co., Ltd.*, 987

F.2d 1536, 1544 (11th Cir. 1993).

It is undisputed that Defendants properly noticed Lett's deposition for times and dates agreed to by all parties, and it is undisputed that Lett failed to appear for her deposition twice. The Court notes that there have been numerous and well-documented discovery issues in this case, which led the Court to caution the parties that any further "recalcitrance ... will be grounds for appropriate sanctions." (Doc. 176 at p. 5). Lett's failure to appear twice at her deposition and her failure to effectively communicate with her own counsel establish the futility of attempting to reschedule her deposition. This being the case, the Court agrees with Defendants that no lesser sanction than dismissal of Lett's claims will suffice.

The Court, however, finds that no award of costs or fees is warranted here for several reasons. One, as Lett is indigent, recovering any additional costs in excess of the costs previously awarded would be futile. More significantly, the Court notes that actions on the part of attorneys on both sides led to this debacle. First, although Defendants' motion would lead you to believe otherwise, the Court did not order the plaintiffs' depositions to be taken in Mobile; rather, the Court, while perplexed as to why this was requested, acquiesced in the request of the parties in their Rule 26 report in which they stated, "[u]nless otherwise agreed by counsel for all Parties, the depositions of the individual Parties shall be conducted in Mobile, Alabama." (Doc. 45 at p. 11). Firmly believing that the lawyers should be the drivers of their case to the extent possible, the Court adopted this exact language in the scheduling order. (Doc. 50 at p. 3). Defendants, knowing that Plaintiff Lett had transportation problems and lives in Monroeville, Alabama, which is approximately 90 miles northeast of Mobile, could have re-noticed her deposition for Monroeville. Because they are from

3

Birmingham, this would have also saved them travel time and money. Likewise, Plaintiffs' attorneys, knowing that Lett had transportation problems, could have requested that her deposition be taken in Monroeville or could have arranged reliable transportation for her to Mobile. Accordingly, it is **RECOMMENDED** that Defendants' request for additional monetary sanctions be **DENIED.**

Because of Lett's failure to appear at her deposition and concomitant failure to prosecute this action, upon consideration of the alternatives that are available to the Court, it is **RECOMMENDED** that all claims asserted by Plaintiff Larayn Lett in this action be **DISMISSED, without prejudice,** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962); *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

4

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this **2nd** day of **December, 2021**.

                                /s/ P. Bradley Murray
                                **P. BRADLEY MURRAY**
                                **UNITED STATES MAGISTRATE JUDGE**