# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **YOLANDER BULLARD,** *et al.*, ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **CIV. ACT. NO. 1:19-cv-0159-TFM-MU** |
| ) | |
| **THE HOUSING AUTHORITY OF THE** ) | |
| **CITY OF MONROEVILLE,** *et al.*, ) | |
| ) | |
|     **Defendants.** ) | |

## **MEMORANDUM OPINION AND ORDER**

On DATE, the Magistrate Judge entered a report and recommendation which recommends Defendants Motion for Sanctions (Doc. 214) as to Plaintiff Larayn Lett be granted and her claims be dismissed. *See* Doc. 222. No objections were filed.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for

lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Plaintiff Larayn Lett was previously warned in a prior sanction order regarding the failure to appear for a properly noticed deposition. *See* Doc. 209.  She again failed to appear.  Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.  It is **ORDERED** that the supplemental motion for sanctions (Doc. 214) is **GRANTED** in that all claims made by Plaintiff Larayn Lett are **DISMISSED without prejudice**.  Any further relief requested by the Defendants in their motion is **DENIED**.

**DONE** and **ORDERED** this 3rd day of January, 2022.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE